# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Michelle Iverson,**

> **Plaintiff,**

**v.**                                                    **Case No. 07-2304-JWL**

**City of Shawnee, Kansas,**

> **Defendant.**

## <u>MEMORANDUM & ORDER</u>

Plaintiff, a former police officer employed by the City, filed suit against defendant alleging that defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., by failing to accommodate her disability. This matter is presently before the court on defendant's motion for summary judgment (doc. 20). As will be explained, the motion is granted.[1]

## I.      Facts

The following facts are uncontroverted or related in the light most favorable to plaintiff,

---

[1]In the pretrial order, plaintiff also asserts a claim of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant moves for summary judgment on this claim and plaintiff, in her response, does not address that claim in any respect. The court, then, concludes that plaintiff has abandoned her gender discrimination claim and the court grants summary judgment in favor of defendant on that claim. *See Hinsdale v. City of Liberal, Kansas*, 2001 WL 980781, at *16-17 (10th Cir. Aug. 28, 2001) (affirming district court's grant of summary judgment in favor of defendant on certain claims after concluding that plaintiff had abandoned those claims by failing to address them in response to the defendant's motion for summary judgment) (citing *Coffey v. Healthtrust, Inc.,* 955 F.2d 1388, 1393 (10th Cir. 1992)).

the nonmoving party. Plaintiff was employed by defendant as a full-time police officer from January 2002 through March 2006.  In February 2005, plaintiff suffered an on-the-job injury and defendant thereafter provided plaintiff with a light-duty assignment.  In early May 2005, plaintiff was released to work with no restrictions and she returned to work as a full-time police officer. In late May 2005, plaintiff suffered a second work-related injury which ultimately required spinal fusion surgery and a lengthy medical leave of absence.

As stipulated by plaintiff in the pretrial order, plaintiff was released to work without restrictions in February 2006.  At that time, plaintiff utilized her paid-time-off leave and returned to work on March 16, 2006.[2]  Upon her return to work, plaintiff was advised that she needed to requalify on the firing range to maintain her certification as a police officer under Kansas law.[3] Plaintiff was unable to complete the firearms qualification due to physical pain and discomfort. The City then offered to permit plaintiff to attempt to complete the firearms qualification on the following day.  Plaintiff declined the offer and advised the City that she was physically unable

---

[2]While plaintiff has stipulated that she was released to work without restrictions by her physician, she contends that she submitted to the City in mid-March 2006 the report of another physician who expressed concerns about plaintiff's ability to return to work without restrictions and who stated his opinion that plaintiff had not yet reached maximum medical improvement.  While such evidence might be pertinent if plaintiff's contention in this lawsuit was that the City should have permitted her to perform a light-duty assignment instead of requiring her to return to her full-time police officer position, the evidence has no bearing on the sole claim asserted by plaintiff–that the City should have transferred her to another position on a permanent basis.

[3]The parties have stipulated in the pretrial order that plaintiff had to be certified as a police officer under Kansas law in order to work as a police officer for the City. The parties have further stipulated that such certification required a periodic firearms qualification.

to perform the duties of the police officer position.  Although plaintiff inquired about transferring to a detective position, the City advised her that transferring to a detective position was not an option.  According to plaintiff, the City refused to discuss the possibility of transferring plaintiff to any other position.  Ultimately, the City advised plaintiff that if she could not qualify on the firing range, she could either resign or the City would terminate her employment.  Plaintiff submitted her resignation on March 17, 2006.

Additional facts will be related, as necessary, in connection with the court's analysis of defendant's motion.

## II.    Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).  An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way."  *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).  A fact is "material" when "it is essential to the proper disposition of the claim."  *Id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); *see also Kaster v. Safeco Ins. Co. of Am.*, 2003 WL 22854633, at *2 (10th Cir. Dec. 3, 2003) (affirming the district court's grant of summary judgment in favor of defendant in an ADEA case where the plaintiff had failed to present evidence sufficient for a reasonable jury to conclude that Safeco's employment decisions were age-related); *Young v. White*, 2003 WL 21940941, at *1-2 (10th Cir. Aug. 14, 2003) (affirming district court's grant of summary judgment in favor of defendant in race discrimination and retaliation context).

4

**III.     Analysis**

In the pretrial order and her summary judgment response, plaintiff sets forth a single claim under the ADA–that the City failed to accommodate her disability by refusing to transfer or reassign her to another position in the police department or any other department in the City. In her summary judgment response, it is clear that plaintiff's claim is premised on the Tenth Circuit's decision in *Smith v. Midland Brake, Inc*., 180 F.3d 1154 (10th Cir. 1999). As the Circuit indicated in *Midland Brake*, a plaintiff seeking to survive summary judgment on an ADA claim of failure to accommodate by offering reassignment to a vacant position bears the burden of production with respect to a prima facie case. *Id*. at 1179. To make such a prima facie case, the plaintiff must make an initial showing that:

(1)     The employee is a disabled person within the meaning of the ADA and has made any resulting limitations from his or her disability known to the employer;

(2)     The preferred option of accommodation within the employee's existing job cannot reasonably be accomplished;

(3)     The employee requested the employer reasonably to accommodate his or her disability by reassignment to a vacant position, which the employee may identify at the outset or which the employee may request the employer identify through an interactive process, in which the employee in good faith was willing to, or did, cooperate;

(4)     The employee was qualified, with or without reasonable accommodation, to perform one or more appropriate vacant jobs within the company that the employee must, at the time of the summary judgment proceeding, specifically identify and show were available within the company at or about the time the request for reassignment was made; and

(5)     The employee suffered injury because the employer did not offer to reassign the employee to any appropriate vacant position.

*Id*.

For purposes of defendant's motion, the court assumes without deciding that plaintiff has a disability within the meaning of the ADA. Moreover, the record reflects that plaintiff made her limitations known to defendant such that the first element of the prima facie case is satisfied. The second element is also satisfied as there is no evidence that accommodation within plaintiff's police officer position could be accomplished. Significantly, plaintiff has stipulated in the pretrial order that she was released to work without restrictions in February 2006 and she concedes that she was unable to complete her firearms requalification upon her return to work. By statute, then, plaintiff was unable to maintain the requisite certification to work as a police officer in the state of Kansas. *See* K.S.A. §§ 74-5607, -5616.

With respect to the third element of plaintiff's prima facie case, while the record does not reflect that plaintiff requested reassignment to a vacant position, genuine issues of material fact exist with respect to this element because plaintiff has come forward with evidence that defendant did not engage in the interactive process contemplated by the ADA such that she may have been denied the opportunity to make such a request.[4] Nonetheless, plaintiff cannot survive summary judgment because the summary judgment record is devoid of any evidence that specific jobs were available within the police department or any other department within the City

---

[4] Plaintiff avers that she asked to be transferred to a police detective position, but the uncontroverted evidence demonstrates that there were no vacant detective positions at the time she sought reassignment. In any event, it is also uncontroverted that plaintiff would not have been able to perform the detective position because the position, like the police officer position, had a required firearms qualification.

at the time a request for reassignment or transfer would have been made had she been given the opportunity to make that request. *Id.* at 1174 ("Even if Midland Brake failed to fulfill its interactive obligations to help secure a reassignment position, Smith will not be entitled to recovery unless he can also show that a reasonable accommodation was possible and would have led to a reassignment position.") (citations omitted). Plaintiff alleges in the pretrial order that there were "numerous" positions to which she could have been transferred, including "records technician, police dispatcher and clerical or administrative positions within the City." She testified in her deposition, however, that she has no knowledge of whether any specific positions were vacant at the time she desired reassignment. Moreover, she has not come forward with any other evidence (from defendant's records, for example) demonstrating that any positions were vacant at the time she desired reassignment. In the absence of evidence that any positions were actually available at or about the time plaintiff's request would have been made had she been provided the opportunity to make a request, defendant is entitled to summary judgment on this claim. *See Mason v. Avaya Comms., Inc.*, 357 F.3d 1114, 1119 (10th Cir. 2004) (finding no need to consider whether transfer would have been reasonable accommodation where plaintiff did not present any evidence that employer "currently has a vacant position" to which plaintiff could transfer); *see also  Frazier v. Simmons*, 254 F.3d 1247, 1261-63 (10th Cir. 2001) (summary judgment appropriately granted absent evidence of an appropriate vacant position); *see also Donahue v. Consolidated Rail Corp.*, 224 F.3d 226, 234 (3d Cir. 2000) (holding "in a failure-to-transfer case, if, after a full opportunity for discovery, the summary judgment record is insufficient to establish the existence of an appropriate position into which the plaintiff could

7

have been transferred, summary judgment must be granted in favor of the defendant-even if it also appears that the defendant failed to engage in good faith in the interactive process").

Because plaintiff has not shown the availability of another position to which she could have been reassigned, no genuine issues of material fact remain for trial and summary judgment is appropriate on plaintiff's ADA claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 20) is granted.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2008, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge